IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| DON E. PROSSER, TRUSTEE OF THE RADER LAND TRUST, No. 71-11, dated July 31, 1989,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL TOWER, LLC, doing business as Global Tower Partners, LLC,<br><br>Defendant. | Case No. 13-200-JPG/SCW |

## MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR VOLUNTARY DISMISSAL

Now comes GLOBAL TOWER, LLC, doing business as Global Tower Partners, LLC, by its attorneys, Howard & Howard Attorneys, PLLC, and for its Memorandum In Support of Opposition to Plaintiff's Motion For Voluntary Dismissal in this cause, states as follows:

### SUMMARY OF ARGUMENT

Plaintiff chose to file this lawsuit in order to interrupt more than fifty years of undisturbed use and possession of a communications tower placed on Plaintiff's property under a previously unchallenged easement. Defendant has engaged in extensive discovery and disclosed at the last status conference in this matter that it would be prepared to file a Motion For Summary Judgment immediately after receipt of Defendant's overdue discovery responses and the completion of two depositions. In fact, Plaintiff agreed to this procedure mere days before the filing of its Motion For Voluntary Dismissal. Dismissal of this matter on any other basis than with prejudice would not be proper under applicable law.

2395427v1

I. IT IS PLAINTIFF'S BURDEN UNDER F. R. CIV. P. 41(A)(2) TO ESTABLISH DISMISSAL WITHOUT PREJUDICE IS WARRANTED.

Plaintiff's Motion For Voluntary Dismissal was filed pursuant to F. R. Civ. P. 41(a)(2). The Motion states that counsel for Plaintiff was instructed to file the motion, that Defendant has filed an answer and that no Motion for Summary Judgment has been filed. Pl. Mot. for Vol. Dismissal, Doc 16. These are the only statements in support of Plaintiff's Motion.

Under F. R. Civ. P. 41(a)(2), the Plaintiff is required to demonstrate to the district court that voluntary dismissal without prejudice is warranted. Without such a demonstration, an action shall not be dismissed at the request of the Plaintiff. *Tolle v. Carroll Touch, Inc.*, 23 Fd 3d 174, 177-78 (7th Cir. 1994). On this basis alone, Plaintiff's motion should be denied.

II. PLAINTIFF HAS NOT MADE A SHOWING OF ENTITLEMENT OF DISMISSAL WITHOUT PREJUDICE UNDER ANY OF THE FACTORS USED IN ANALYZING SUCH MOTIONS.

The Seventh Circuit has identified four factors in determining whether dismissals without prejudice under F. .R. Civ. P. 41(a)(2) are proper.. *Kunz v. Defelice,* 538 Fd 3d 667 (7th Cir. 2008). Those factors are:

a. Defendant's efforts and expense of preparation for trial;

b. The extent of delay and lack of diligence on the part of Plaintiff in prosecuting the action;

c. Sufficiency of the explanation for need to take the dismissal; and

d. Whether a Motion For Summary Judgment has been filed by the Defendant.

*Kunz,* 538 F.3d at 677-78.

The road to litigation in this matter began on September 7, 2012. On that date, the Trustee for Plaintiff, Don E. Prosser wrote Defendant alleging various bases for disturbance of Defendant's use and possession of the communications tower that is the subject of this litigation. See Aff. of Thomas W. O'Neal, **Exhibit A** of this Memorandum, Aff. **Exhibit 9**. The easement

under which the communications tower had been in existence dates to November 24, 1951. Def. Answer, Doc 8-2, Ex. 2 to Answer, (the "Carrie Moore Easement").

This case was removed to this court on February 28, 2013. See Docs 1 and 2, Notice of Removal. By June 6, 2013 Defendant had served two sets of combined discovery requests on Plaintiff. O'Neal Aff. ¶¶6, 7. To date Plaintiff has made no response to the second discovery request at all. O'Neal Aff. ¶10.

This court was informed of Plaintiff's failure to respond to discovery requests at a status conference in this matter on July 24, 2013. O'Neal Aff. ¶11. Rather than seeking a motion to compel and sanctions against Plaintiff, the Defendant proposed during the status conference that Plaintiff answer the outstanding discovery by July 31, that Defendant complete depositions of Plaintiff's two main witnesses and that Defendant file its Motion For Summary Judgment by September 19. O'Neal Aff. ¶11. Plaintiff, through counsel agreed to the proposal on July 24 by email response from Plaintiff's counsel. O'Neal Aff. ¶¶12, 13.

After agreeing to the completion of Defendant's discovery, Plaintiff, for the first time, raised the issue of a voluntary dismissal of this action. Defendant responded on August 8 by acknowledging the health issues then afflicting lead counsel for Plaintiff, but suggesting that Defendant merely produce documents sought in the unanswered combined discovery requests at the depositions to be taken of Plaintiff's two main witnesses. O'Neal Aff. ¶¶17-19 and Aff. **Ex. 6, 7**. The next communication received from Plaintiff was the Motion For Voluntary Dismissal filed with this court.

There is no evidence before this court that Plaintiff has done anything other than file its Complaint. In fact, Defendant has received no discovery requests of any kind and no Rule 26 Disclosures from Plaintiff. In contrast, Defendant has served two rounds of discovery on

Plaintiff with the last round being completely unanswered. Further, Defendant has proposed a clear and simple path for completion of discovery necessary to prepare and file dispositive motions before this court. It is clear, that had Plaintiff followed up with its agreement to answer outstanding discovery and produce its two main witnesses for depositions, Defendant would have been able to file its Motion for Summary Judgment by now. It is precisely Plaintiff's conduct that has prevented Defendant from doing so. Obviously, voluntary dismissal without prejudice would allow Plaintiff to "live to fight another day." All of these facts, when taken together, establish "plain legal prejudice" such that Plaintiff should not be permitted to dismiss its complaint without prejudice in this matter. See *Kunz v. Defelice*, 538 F.3d at 677.

## CONCLUSION

For the reasons stated hereinabove, this Defendant respectfully requests Plaintiff's motion be denied and an order entered requiring Defendant to answer outstanding discovery and produce Don E. Prosser and Jane Rader for depositions with Defendant filing its Motion For Summary Judgment no later than October 30, 2013. In the alternative, Defendant respectfully requests dismissal of Plaintiff's Complaint with prejudice.

                        GLOBAL TOWER, LLC, doing business as
                        Global Tower Partners


                     By: /s/ Thomas W. O'Neal
                        Thomas W. O'Neal
                        Attorney for Defendant

Thomas W. O'Neal
ARDC # 3127563
Howard & Howard Attorneys PLLC
One Technology Plaza
211 Fulton Street, Suite 600
Peoria, IL 61602
(309) 672-1483
(309) 672-1568 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 19, 2013 the foregoing document was filed with the Clerk of the United States District Court for the Southern District of Illinois (Benton Division) through its Electronic Filing System and was served upon all counsel of record through that system.

/s/Thomas W. O'Neal
Thomas W. O'Neal