IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

DON E. PROSSER, TRUSTEE OF THE RADER
LAND TRUST, No. 71-11, dated July 31, 1989,

                    Plaintiff,

v.

GLOBAL TOWER, LLC, doing business
as Global Tower Partners, LLC,

                    Defendant.

Case No. 13-200-JPG/SCW

## AFFIDAVIT OF THOMAS W. ONEAL

I, Thomas W. O'Neal, do upon my oath depose and state as follows:

1.      I am an attorney licensed to practice in the State of Illinois and in the United States District Court for the Southern District of Illinois.

2.      I represent Defendant Global Tower, LLC doing business as Global Tower Partners, LLC in this matter ("Global Tower").

3.      I have personal knowledge of the matters set forth in this Affidavit and I am under no legal disability to competently testify to each of the matters set forth herein.

4.      Defendant Global Tower served its second round of combined discovery requests, including interrogatories, requests to produce and requests to admit, on Plaintiff Don E. Prosser, Trustee of the Rader Land Trust ("Rader Land Trust") on June 5, 2013 in this matter.

5.      On June 6, 2013 Global Tower served an amendment to its second round of combined discovery requests on Rader Land Trust in order to comply with Local Rule 33.1(c) (sequential numbering of interrogatories).

6.      A true and correct copy of Defendant's second set of discovery submitted to Rader Land Trust is attached to this Affidavit at **Exhibit 1**.

7.      I provided Rader Land Trust with the amended second round of combined discovery requests via email on June 6, 2013.  A copy of the June 6, 2013 email is attached at **Exhibit 2**.

8.      In the June 6, 2013 email, I informed opposing counsel of my failure to comply with local Rule 26.1(b)(1), that requires the filing with the Court of any requests to admit served on any party.

9.      In the June 6th email, I proposed that I would file all Requests to Admit submitted on behalf of Global Tower to Rader Land Trust after I had received all responses from Rader Land Trust as to those Requests to Admit.

10.     To date, Rader Land Trust has not served any response of any kind to the second set of combined discovery requests.

11.     On July 24, 2013 this Court conducted a status conference in this matter.  At that time I informed the Court as to the following

      a.      Global Tower proposed obtaining Plaintiff's Responses to then outstanding discovery (the Second Set of Combined Discovery Requests attached to this Affidavit) by July 31.

      b.      Thereafter Global Tower would depose the two main witnesses of Plaintiff by August 15.

      c.      Thereafter Global Tower would file its Motion For Summary Judgment by September 19, 2013.

2361796v1

      d.     If the parties believed that a settlement conference was in order, the parties could inform the Court at its next status conference on October 3, 2013.

12.    After my receipt of the Court's docket entry as to the July 24, 2013 status hearing, I emailed Global Tower's proposal as described in paragraph 11 of this Affidavit to Attorney Patrick Hewson for Rader Land Trust. A true and correct copy of my July 24 email regarding this issue is attached to this Affidavit at **Exhibit 3**.

13.    On July 25, 2013, Attorney Patrick Hewson for Plaintiff agreed to my July 24 proposal. Attached at **Exhibit 4** is Mr. Hewson's email stating his agreement with the July 24 proposal.

14.    On August 5, 2013 Rader Land Trust proposed voluntary dismissal given the health issues of Attorney Patrick Hewson. A true and correct copy of Mr. Hewson's email to me proposing a voluntary dismissal is attached hereto at **Exhibit 5**.

15.    Prior to August 5, 2013 I was generally aware of the back injury suffered by Attorney Patrick Hewson, it being my understanding that Mr. Hewson suffered a significant injury to his back in the spring of 2013.

16.    After receipt of Rader Land Trust's proposal to voluntarily dismiss the current action without prejudice, I consulted with Global Tower.

17.    On August 8, Global Tower gave its response to Rader Land Trust's voluntary dismissal proposal.

18.    Global Tower's counterproposal is set forth at **Exhibit 6 and 7** of this Affidavit.

19.    In those exhibits, I propose, on behalf of Global Tower, that I conduct the depositions of the nominal Plaintiff, Don E. Prosser and the other main witness for Plaintiff, Jane Rader.

3

2361796v1

20.     Rader Land Trust could provide its responses to Global Tower's Second Set of Combined Discovery Requests on the date of the depositions and I would formulate questions based on those responses at the depositions.

21.     Thereafter, Global Tower would file its Motion for Summary Judgment by September 19.

22.     I did not receive a response from either Mr. Prosser, a licensed Illinois attorney and partner of Attorney Patrick J. Hewson, or Mr. Hewson himself.

23.     Consequently, I sent an email on August 12 to Mr. Prosser and Mr. Hewson advising Rader Land Trust that I would need to file a Motion to Compel Answers to the Second Set of Combined Discover Requests if I did not receive a response to Global Tower's August 5 proposal.  My August 12 email is attached to this Affidavit at **Exhibit 8**.

24.     On August 16, 2013 I received a copy of Plaintiff's Motion For Voluntary Dismissal without prejudice filed with this Court.

25.     In Global Tower's First Set of Combined Discovery requests to Rader Land Trust the following request appears as Request to Produce number 7:

> Please provide copies of all documents under which Global Tower, LLC or its predecessors in interest were informed as to the objection of Plaintiff or Plaintiff's predecessor in interest to any used possession or control of the property described in your Complaint.

26.     In response to Global Tower's Request to Produce Number 7, Rader Land Trust provided as the sole document responsive to that request the document attached to this Affidavit at **Exhibit 9**, which is a letter from Attorney Don E. Prosser to Debbie Baier, Asset Manager of GTP.

27.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

4

2361796v1

Dated:  September 19, 2013

/s/ Thomas W. O'Neal

2361796v1