IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DON E PROSSER,**
*Trustee of the Radar Land Trust,*
*No. 71-11, dated July 31, 1989,*

    Plaintiff,

v.

**GLOBAL TOWER, LLC,** *dba*
*Global Tower Partners LLC,*

    Defendant.                                   Case No. 13-cv-200-DRH-SCW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court can enter a ruling on plaintiff Prosser's (plaintiff) motion to dismiss without prejudice (Doc. 16), the Court must address the matter of the insufficient notice of removal of defendant Global Tower, LLC, doing business as Global Tower Partners, LLC (defendant) (Doc. 2). The Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).

Due to the deficiencies below mentioned, defendant is **ORDERED** to brief the jurisdiction of this action by **October 25, 2013**, or this case shall be **REMANDED**.

Defendant removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

Instantly, defendant has inadequately alleged complete diversity.

First, as to plaintiff, trustee of the Radar Land Trust, Global Tower alleges plaintiff is a "resident of the State of Illinois" (Doc. 2). It is well-established that allegations of residency may or may not demonstrate citizenship, as citizenship depends on domicile. *See Meyerson v. Harrahs East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see also McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) (An allegation of residence is inadequate.). Thus, an individual is a citizen of the state in which he or she is domiciled, meaning where he or she has a permanent home and principal establishment, and to which he or she has the intention of returning when absent from it. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). When the parties allege residency but not

citizenship, the court must dismiss the suit. *Held v. Held,* 137 F.3d 998, 1000 (7th Cir. 1998). Therefore, defendant is ordered to correctly allege the citizenship of plaintiff Prosser, or the Court shall remand this action.

As to defendant's citizenship, defendant is named in plaintiff's complaint as Global Tower, LLC, doing business as Global Tower Partners, LLC. Defendant attaches a declaration to its notice of removal which states:

> 3. Global Tower, LLC is a Delaware limited liability company in good standing in the State of Delaware.
>
> 4. Its sole member is Global Tower Holdings, LLC which is also a Delaware limited liability company in good standing.
>
> . . .
>
> 6. No member of Global Tower, LLC is a citizen of the State of Illinois.

(Doc. 2-3).[1]

The Seventh Circuit has made abundantly clear that parties must allege the citizenship of all the members of a limited liability company through all the layers of ownership until the Court reaches only individual human beings and corporations to adequately allege citizenship of such entities. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (stating, "[w]e have explained that the 'citizenship of unincorporated associations must be traced through however many

---

[1] Defendant in its declaration also provides information as to the citizenship of GTP Acquisition Partners II, LLC. Defendant alleges it "assigned all of its right, title and interest to that certain communication tower and related equipment and property" to GTP Acquisition Partners II, LLC, prior to the filing of plaintiff's complaint (Doc. 2-3). Should defendant feel it has been improperly named in this action, it must so notify the Court.

layers of partners or members there may be'") (quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). Thus, a federal court must know each member's citizenship, and if necessary, each member's members' citizenship. Defendant has not alleged the citizenship of the members of Global Tower Holdings, LLC.

Therefore, defendant is **ORDERED** to correct the aforementioned deficiencies by **October 25, 2013,** or the Court shall **REMAND** this action.

**IT IS SO ORDERED.**

Signed this 11th day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.11
12:53:17 -05'00'

**Chief Judge**
**United States District Court**